UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABRAHAM LAMIN ADOKA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR.,<br><br>Respondents. | Case No. 2:13-cv-00796-MMD-NJK<br><br>ORDER |

This habeas matter comes before the Court for initial review.

The papers presented are subject to multiple defects.

First, under Local Rule LSR 1-1, a litigant seeking to proceed without paying the filing fee must file an application to proceed *in forma pauperis* on the Court's required form. Petitioner did not use the required form but instead submitted a typewritten application styled as an application for a fee waiver. Petitioner must use the required form.

Second, under Local Rule LSR 1-2, a pauper application submitted by an incarcerated or institutionalized person must be accompanied by both a financial certificate executed by an authorized institutional officer and a statement of his inmate trust account for the prior six months. Petitioner, who is in the Henderson Detention Center, attached neither.[1]

---

[1] The Court does not imply that an immigration detainee must comply with the requirements of the Prisoner Litigation Reform Act (PLRA), as an immigration detainee does not constitute a "prisoner under" that Act.  *See* 28 U.S.C. § 1915(h).  Local Rule LSR 1-2, however, is not limited to persons detained or incarcerated in connection with criminal proceedings.  The Court uses the financial materials required by the local rule to evaluate the financial ability to pay of persons in all types of custody.  Petitioner should note that the filing fee for a habeas action is $5.00.

Third, under Local Rule LSR 3-1, a petition for a writ of habeas corpus filed *pro se* must be on the Court's required form. The required form for a § 2241 petition is an AO 242 form. The typewritten petition did not use the required form.

Given the nature of the petition presented, which challenges petitioner's detention pending removal, it does not appear that a dismissal without prejudice of this improperly-commenced action will constitute the functional equivalent of a dismissal with prejudice.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice to the filing of a new petition on the required form in a new action under a new docket number accompanied by either the required filing fee or a properly completed application to proceed *in forma pauperis*, with all required attachments.

The Clerk of Court shall send petitioner two (2) copies of an AO 242 form (which includes instructions), two (2) copies of a pauper form for a person in custody, one (1) copy of the instructions for the pauper form, and a copy of the papers that he submitted in this action.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 23rd day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE